Complaint

NORMAN K.K. LAU
Attorney At Law
A Law Corporation

NORMAN K.K. LAU  1795
820 Mililani Street, Suite 701
Honolulu, Hawaii  96813
Telephone No.:  (808) 523-6767
FAX No.:        (808) 523-6769
Email: norm@normlau.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 10 2007

at 12 o'clock and 05 min __M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CV07 00243 DAE KSC

| | |
|---|---|
| SUSAN GOVIER, | CIVIL NO. CV. 07-00243 DAE-KSC |
| Plaintiff, | COMPLAINT; EXHIBITS 1-3; JURY DEMAND; SUMMONS |
| vs. | |
| THE LAW OFFICES OF ROBERT B. SERIAN & ASSOCIATES; MS.PENNY; MR. ANDERSON; MR. MAGNUS, | |
| Defendants. | |

COMPLAINT

COMES NOW, Plaintiff, by and through her undersigned attorney, and alleges as follows:

I. **INTRODUCTION**

1. This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692, et. seq., (hereinafter the Act), the "Telephone Consumer Protection Act" 47 U.S.C. § 227 et. seq. (hereinafter the TCPA), H.R.S. §480-2, and state tort law to recover general,

special, punitive, and statutory damages, reasonable attorney's fees and costs of suit due to Defendants' violations all of which occurred within one year from the filing date of this Complaint.

## II. JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1692k(d). This Court also has supplemental jurisdiction over the state law and TCPA claims because they arise from a common nucleus of operative facts.

## III. FACTUAL ALLEGATIONS

3. Plaintiff Susan Govier is a 63 year old natural adult person, is a consumer as defined in 15 U.S.C. §1692a(3) and H.R.S. §480-1, and is a resident of the State of Hawaii at all relevant times herein.

4. On information and belief, Defendant The Law Offices of Robert B. Serian & Associates (hereafter referred to as Defendant Serian) is a licensed California collection law firm with Robert B. Serian as its principal owner. Defendant Serian is not licensed to practice law in Hawaii. Defendant Serian attempted to collect a debt, as defined in 15 U.S.C. §1692a(5), in Hawaii from Plaintiff, a consumer as defined in 15 U.S.C. §1692a(3) and H.R.S. §480-1. Defendant Serian is a debt collector as defined in 15 U.S.C. §1692a(6). Defendant Serian is liable for the acts of Defendants Mr. Anderson, Ms. Penny, and Mr. Magnus as they are Defendant Serian's agents and/or employees

and because they are also debt collectors.

5. On information and belief, Defendant Mr. Anderson (hereafter referred to as Defendant Anderson) is an employee of Defendant Serian at all relevant times herein. Defendant Anderson attempted to collect a debt, as defined in 15 U.S.C. §1692a(5), from Plaintiff, a consumer as defined in 15 U.S.C. §1692a(3) and H.R.S. §480-1, in Hawaii on behalf of a third-party. Defendant Anderson is a debt collector as defined in 15 U.S.C. §1692a(6). All of Defendant Anderson's collection activities against Plaintiff are also the acts of Defendant Serian because Defendant Anderson acted within the scope of his employment.

6. On information and belief, Defendant Ms. Penny (hereafter referred to as Defendant Penny) is an employee of Defendant Serian at all relevant times herein. Defendant Penny attempted to collect a debt, as defined in 15 U.S.C. §1692a(5), from Plaintiff, a consumer as defined in 15 U.S.C. §1692a(3) and H.R.S. §480-1, in Hawaii on behalf of a third-party. Defendant Penny is a debt collector as defined in 15 U.S.C. §1692a(6). All of Defendant Penny's collection activities against Plaintiff are also the acts of Defendant Serian because Defendant Penny acted within the scope of her employment.

8. On information and belief, Defendant Mr. Magnus (hereafter referred to as Defendant Magnus) is an employee of

Defendant Serian at all relevant times herein. Defendant Magnus attempted to collect a debt, as defined in 15 U.S.C. §1692a(5), from Plaintiff, a consumer as defined in 15 U.S.C. §1692a(3) and H.R.S. §480-1, in Hawaii on behalf of a third-party. Defendant Magnus is a debt collector as defined in 15 U.S.C. §1692a(6). All of Defendant Magnus' collection activities against Plaintiff are also the acts of Defendant Serian because Defendant Magnus acted within the scope of his employment.

9. On or about November 13, 2006, at about 8:45 am, one of Defendant Serian's employees left a prerecorded message on Plaintiff's answering machine at her residential telephone number. Plaintiff had no prior established business or other relationship with Defendant Serian and did not give her prior consent to the prerecorded call.

10. On information and belief, Defendant Serian's employee also left other prerecorded messages on Plaintiff's answering machine at her residential telephone number after November 13, 2007 but the exact dates and times are unknown to Plaintiff at this time. Plaintiff had no prior established business or other relationship with Defendant Serian and did not give her prior consent to the prerecorded calls.

11. On or about December 14, 2006, one of Defendant Serian's employees left a prerecorded message similar to the message left on November 13, 2006 and on other dates and times on

Plaintiff's answering machine at her residential telephone number. Plaintiff had no prior established business or other relationship with Defendant Serian and did not give her prior consent to the prerecorded call.

12. On or about December 15, 2006, Plaintiff returned the calls and told Defendants it was not her debt. Plaintiff was so overwrought by the repeated calls and harassment she agreed to make a payment on William Lucas' debt just to have the calls stopped so that she could have some peace and quiet. Plaintiff was given the name of the law firm as Robert Serian and also given his address by the receptionist. Plaintiff was transferred to Defendant Magnus for payment confirmation. Plaintiff was told to send a Cashier's Check for $6,522.65. Defendant Magnus told Plaintiff the calls would stop if she paid the debt and acknowledged the debt was not Plaintiff's. Defendant Magnus revealed the amount of the debt owed by William Lucas to Plaintiff without first obtaining William Lucas' consent.

13. On or about December 19, 2006, Defendant Anderson called Plaintiff reprimanding Plaintiff for not paying the debt as she said she would on December 15, 2006. Plaintiff again stated it was not her account, stated she was being harassed, and told Defendant Anderson that Defendant Magnus had told her the calls would stop. Defendant Anderson told Plaintiff she had agreed to pay and needed to pay the debt. Plaintiff informed

Defendant Anderson she had been unable to get to the post office and he began pressuring her and even told her to overnight it or Fed Ex the check.  Plaintiff also told Defendant Anderson that she was old, had to care for her husband who had cancer, and care for her sick aunt who had Alzheimer's.  Defendant Anderson did not care about this and just kept badgering Plaintiff to give him a firm date he could expect the check.  When Plaintiff said she felt harassed and trapped by Defendants, Defendant Anderson stated "When you pay we'll stop calling."  Plaintiff repeatedly told Defendant Anderson she did not want to be called and she would get to it when she had time and Defendant Anderson hung up.

14.   Defendant Anderson intentionally harassed and caused mental anguish and emotional distress to Plaintiff in demanding that she pay William Lucas' debt with full knowledge she did not owe the debt and insisted she was obligated to pay the debt.

15.   On or about December 19, 2006, Plaintiff mailed a letter to Defendant Serian via certified mail, return receipt requested for Defendant Serian to cease contact as the debt was not hers. (Exhibit 1 which is referred to and incorporated herein).  The letter was addressed to Defendant Magnus in care of Defendant Serian's law office which was received by Defendants on or about December 26, 2007.  (Exhibit 2).  Plaintiff incurred $8.69 for certified mail costs.  (Exhibit 3).

16.   Totally ignoring Plaintiff's directive to cease

communication with her and with full knowledge of her age and fragile health, on or about December 28, 2006, Defendant Penny left a message on Plaintiff's answering machine that Plaintiff's letter was received but that payment was not and Plaintiff should call her back as it was very important.

17.   After Defendant's Penny's call, Defendant Serian's male employee, totally ignoring Plaintiff's directive to cease communication with her and with full knowledge of her age and fragile health, also called the same day and demanded payment. Plaintiff was again very upset and told this caller of her cease communication letter but he ignored it.

18.   On or about January 2, 2007, Plaintiff received another call from Defendant Serian's employee.  When asked who he was, the caller replied, "You know me" and refused to identify himself.  Plaintiff believes it was Defendant Anderson. Plaintiff told Defendant Anderson that William Lucas did not live there and Defendants are not to call anymore.

19.   Ignoring all of the cease communication directives, on or about January 3, 2007, Defendant Serian's male employee called Plaintiff again.  Plaintiff asked for his identity and he replied, "You know who this is" and refused to identify himself. Plaintiff believes it was Defendant Anderson.  Defendant Anderson also told Plaintiff she had to pay the debt and she had to tell him how to contact William Lucas.  Defendant Anderson repeatedly

asked for William Lucas' phone number and said he would just keep calling until she provided it despite Plaintiff repeatedly telling him not to call. Plaintiff vomited immediately after the conversation because she was so distressed by this continuous and relentless harassment of this debt she did not owe. Plaintiff also suffered sleeping problems, depression, worry, emotional distress, frustration, anger etc. which was substantially caused by Defendants.

20. Defendants knew the debt they were attempting to collect was not Plaintiff's but treated Plaintiff as if she was obligated to pay this debt.

21. The debt Defendants attempted to collect was primarily for personal, family, or household purposes.

### IV. CLAIMS FOR RELIEF

COUNT 1

22. Plaintiff realleges and incorporates paragraphs 1-21 herein.

23. By their actions, Defendants violated 15 U.S.C. §1692c (c).

COUNT 2

24. Plaintiff realleges and incorporates paragraphs 1-21 herein.

25. By their actions, Defendants violated 15 U.S.C. § 1692d, in general, and subsections (2), (5), and (6), in

particular.

COUNT 3

26.   Plaintiff realleges and incorporates paragraphs 1-21 herein.

27.   By their actions, Defendants violated 15 U.S.C. §1692e, in general, subsections (2)(A), (5), (10) and (11), in particular.

COUNT 4

28.   Plaintiff realleges and incorporates paragraphs 1-21 herein.

29.   By their actions, Defendants violated 15 U.S.C. §1692f, in general, and subsection (1), in particular.

COUNT 5

30.   Plaintiff realleges and incorporates paragraphs 1-21 herein.

31.   By their actions Defendants violated 15 U.S.C. §1692g(a).

COUNT 6

32.   Plaintiff realleges and incorporates paragraphs 1-21 herein.

33.   By its actions, Defendants violated 47 U.S.C. § 227(b)(1)(B).

COUNT 7

34.   Plaintiff realleges and incorporates paragraphs 1-21

herein.

35.  By their actions, Defendants intentionally inflicted severe emotional distress on Plaintiff.

COUNT 8

36.  Plaintiff realleges and incorporates paragraphs 1-21 herein,

37.  By their actions Defendants negligently inflicted severe emotional distress on Plaintiff.

COUNT 9

38.  Plaintiff realleges and incorporates paragraphs 1-21 herein.

39.  By their actions, Defendants intentionally, willfully, and maliciously intruded upon Plaintiff's seclusion and violated her right to privacy.

COUNT 10

40.  Plaintiff realleges and incorporates paragraphs 1-21 herein.

41.  By their actions, Defendants violated H.R.S. §480-2.

**V.   PRAYER**

WHEREFORE, Plaintiff prays that this Court:

1.  Award special, general, and punitive damages as will be proved at trial against all of the Defendants, jointly and severally.

2.  Award statutory damages in the amount of $1,000

for each violation of the Act against all of the Defendants, jointly and severally.

3.  Award statutory damages, jointly and severally, in the amount of $500 for each violation of the TCPA against all of the Defendants, and/or treble damages for each willful or knowing violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

4.  Award a minimum of $1,000 or threefold damages, whichever is greater, pursuant to H.R.S. § 480-13(b)(1) for violation of H.R.S. §480-2 plus costs and reasonable attorney's fees against Defendants, jointly and severally.

5.  Enjoin Defendants from ever contacting Plaintiff again pursuant to 47 U.S.C. § 227(b)(3)(A) and H.R.S. § 480-13(b)(2) for violation of H.R.S. §480-2 plus costs and reasonable attorney's fees

6.  Award pre and post judgment interest; and

7.  Award such other relief this Court deems just and equitable including, but not limited to, attorney's fees and costs.

DATED: Honolulu, Hawaii. May 10, 2007.

_____
NORMAN K.K. LAU
Attorney for Plaintiff